IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No: |
| | ) |
| $25,739.00 IN U.S. CURRENCY, | ) |
| | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES the plaintiff, the United States of America, by Gail L. Noll, Assistant United States Attorney, and respectfully states as follows:

1.  This is a civil action in rem brought to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of $25,739.00 in U.S. Currency, which is money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or proceeds traceable to such an exchange.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.  This action is brought in the Central District of Illinois, Springfield Division, as the events which are the subject of this matter occurred in Sangamon County, Illinois, and will remain within the jurisdiction of this Court throughout the pendency of this action.

4.  The defendant is $25,739.00 in U.S. currency (defendant currency).

5. Based on the detailed facts below, which support a reasonable belief that the government will be able to meet its burden of proof at trial, the government believes that the defendant currency constitutes proceeds traceable to the exchange of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. Section 881(a)(6).

6. On January 5, 2017, a confidential source (CS) purchased 2.5 grams of crack cocaine with $100.00 in Official Advanced Funds (OAF) at 940 Indiana, Springfield, Illinois, at the direction of law enforcement. The CS had previously made arrangements to purchase the crack cocaine from Evan Mathews (Mathews) at that address. However, when the CS was interviewed by law enforcement following the controlled buy, the CS said that when he/she knocked on the door, an unknown older African-American male opened the door and let him/her inside. Once inside, the CS asked for Mathews, and a dark skinned younger African-American stated that he would handle the purchase. A covert video showed the dark skinned younger male, later identified as Marcus Jones. The 2.5 grams of crack cocaine was turned over to law enforcement and field tested positive.

7. On January 6, 2017, law enforcement obtained and executed a state search warrant at the 940 Indiana property based on the January 5th controlled buy. Present during execution of the search warrant were Deon Day (Day), Terrell Commer, Torry Harris and Marcus Jones (Jones). When agents interviewed Jones, Jones reported

that he purchased cocaine and then would cook it into crack cocaine to sell. Jones further stated that officers would find approximately 47 grams of cocaine in his residence. Torry Harris confirmed that the drugs located in the residence belonged to Jones and that Jones cooked cocaine into crack cocaine in the microwave.

8. After a search of the entire property, law enforcement seized a digital scale, $865 found on Marcus Jones' person, $444 on Torry Harris' person, $1,264 on Day's person, 5 grams of crack cocaine (with packaging) in the kitchen, 5 individual bags of suspected crack cocaine totaling 10.4 grams of suspected crack cocaine (with packaging) in the northeast bedroom, and 46.2 grams of suspected crack cocaine (with packaging) in the bathroom. Lab results of the Illinois State Police revealed that the 46.2 grams of suspected crack cocaine (with packaging) tested positive for 40.6 grams of cocaine base.

9. As Springfield Police Department Officer Pletch and his canine partner, "Dodi," a trained and certified narcotic detection canine, arrived to search the inside of the 940 Indiana property, Dodi made a positive alert for the presence of narcotics as it walked by a white 2012 Ford Mustang parked in the driveway. A records search revealed that Day was the owner of the Mustang. Day was told by law enforcement that that the canine made a positive alert to his Mustang. When asked if he would consent to a search of his Mustang, Day refused. Thereafter, the Mustang was towed to the Drug Enforcement Administration's Springfield Office (DEA) due to the canine alert and Day's non-consent to search his Mustang.

10.     On January 9, 2017, law enforcement executed a state search warrant on Day's Mustang at DEA's Springfield Resident Office. Officers located an Illinois driver's license issued to Day in the vehicle's cup holder and a Samsonite back pack behind the front passenger seat. Inside the front top pocket of the back pack, officers located a Social Security card issued to Day and several $20.00 bills.   In another pocket of the back pack, officers found a mason jar with 44.35 grams of loose cannabis, which field tested positive, a digital scale which contained suspected cannabis residue, a sock containing numerous rounds of ammunition, a plastic shopping bag that contained more rounds of ammunition (36 rounds total), and $25,739.00 in U.S. currency contained in a blue Air Jordan bag and a gray nylon bag, both of which were inside the back pack.

11.     "Utah," a trained and certified narcotic detection canine with the Springfield Police Department, and his handler were requested so that Utah could conduct a free air sniff of the defendant currency. Law enforcement placed the defendant currency in one of three card board boxes. The other two card board boxes were empty but all three were placed in the same area. The canine sniffed each of three boxes and made a positive alert for the presence of narcotics on the box containing the defendant currency.

12.     On January 10, 2017, Day was charged in Sangamon County Circuit Court with manufacture/delivery of 30 to 500 grams of cannabis and possession of ammunition without a FOID card. A Warrant was issued for his arrest. On February 8,

2017, Day turned himself into law enforcement. Day's criminal case is still pending.

13. Day's criminal history revealed arrests for assault, theft, larceny, and reckless conduct.

14. The defendant property is in custody of the United States.

15. Based on the detailed facts above, which support a reasonable belief that the government will be able to meet its burden of proof at trial, the government believes that the defendant property is money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or proceeds traceable to such an exchange.

WHEREFORE, the United States of America prays that this Court forfeit the defendant property, to the United States of America for disposition according to law, for the issuance of a Warrant in Rem, for costs of suit and for such other and further relief as the Court may deem necessary.

                Respectfully submitted,

                PATRICK D. HANSEN
                ACTING UNITED STATES ATTORNEY

By:   s/Gail L. Noll
       Gail L. Noll, IL Bar No. 6243578
       United States Attorney's Office
       318 South Sixth Street
       Springfield, IL 62701
       Telephone: 217-492-4450
       Fax: 217-492-4888
       Email: gail.noll@usdoj.gov

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based on information and belief.

Executed on this 18th day of July, 2017.

                                               s/Christian McGuire

                                               Christian McGuire, Special Agent
                                               Drug Enforcement Administration